UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62615-GAYLES

**RODNEY HOWARD,**
    **Plaintiff,**

  v.

**CUMBERLAND FARMS,**
    **Defendant.**
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Rodney Howard, appearing *pro se*, filed a Complaint in this action on November 4, 2016 [ECF No. 1]. Because the Plaintiff has moved for leave to proceed *in forma pauperis* [ECF No. 3], the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

A claim may be dismissed as frivolous under Section 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the claim seeks to enforce a right which clearly does not exist. *Id.* at 327.

Moreover, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds as recognized in Randall*, 610 F.3d 701. At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

Howard's Complaint appears to bring claims under 42 U.S.C. § 1983 against Defendant Cumberland Farms, a private company, arising from an arrest by City of Hollywood police officers that took place while he was on the premises of a Cumberland Farms store. As Judge Bloom recently explained in an order dismissing another of Howard's Section 1983 complaints brought against a private company:

> In order to state a claim under that section, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001). An action under color of state law or state action requires "an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, ***and*** that the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Am. Mfrs.*

2

*Mut. Ins. Co.*, 526 U.S. at 50 (internal quotations omitted) (emphasis in original). "Only in rare circumstances can a private party be viewed as a state actor for Section 1983 purposes." *Rayburn*, 241 F.3d at 1347 (internal quotations and alterations omitted). To hold that private parties are state actors, the court must conclude that one of the following three conditions is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." *Id.* (internal quotations and alterations omitted).

Order Denying Leave to Proceed In Forma Pauperis and Dismissing Case at 2-3, *Howard v. BHC Sec.*, No. 16-62622, ECF No. 5 (S.D. Fla. Nov. 8, 2016). Just as Judge Bloom found in *BHC*, this Court "finds it clear that none of 'rare circumstances' allowing for 'a private party [to] be viewed as a state actor are present" here. *Id.* at 3 (quoting *Rayburn*, 241 F.3d at 1347). Howard has brought a Section 1983 claim against this Defendant based on the sole fact that he happened to be on the premises of a store operated by the Defendant when he was arrested by the City of Hollywood police. But he has proffered no allegations that ***the Defendant*** actually injured him in any way. Even under the "less stringent standard" governing *pro se* pleadings, *Tannenbaum*, 148 F.3d at 1263, Howard's Complaint fails to state a claim upon which relief can be granted. Alternatively, Howard's Section 1983 claim, brought against the owner or operator of the location where an arrest occurred, is frivolous because it has no arguable basis in law or fact. Either way, the Complaint is due to be dismissed.

  The Eleventh Circuit instructs that "[w]hen it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." *Humphrey v. Sec'y, U.S. Dep't of Homeland Sec.*, 597 F. App'x 571, 573 (11th Cir. 2014) (per curiam). Here, though, the Court finds that no more careful drafting would allow Howard to state a claim against Cumberland Farms for injuries allegedly occasioned upon him by the City of Hollywood Police; the Court therefore sees

no need to allow Howard the opportunity to amend his Complaint rather than dismiss it.

Accordingly, it is **ORDERED AND ADJUDGED** that the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**, and his Motion to Proceed *in forma pauperis* [ECF No. 3] is **DENIED**.

This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of November, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE